UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERNARD CHESTNUT,

        Plaintiff,

v.                        Case No. 3:18-cv-489-J-34PDB

SGT. ATTABERRY, et al.,

        Defendants.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Gernard Chestnut, an inmate of the Florida penal system, initiated this action on April 13, 2018, by filing a Complaint of Imminent Danger and Injunctive Order (Complaint; Doc. 1). In the Complaint, Chestnut asserts that Sergeant Robert Attaberry threatened him and provided empty food trays to him on April 4, 5, and 9, 2018. Chestnut states that the three-strikes provision under 28 U.S.C. § 1915(g) should not apply because his life is in danger due to Attaberry's threats to starve him. See Complaint at 2. Upon the filing of the Complaint, in an abundance of caution due to Chestnut's assertions, the Clerk of Court sent a copy of the Complaint and the Amended Standing Order (that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm) to Inspector General Fernandez and to

Warden Barry Reddish at Florida State Prison (FSP), where Chestnut is housed. See Amended Standing Order Notifying Institution Regarding Inmate Claim of Suicidal Intent or Other Imminent Physical Harm (Doc. 2).

On April 19, 2018, Chestnut filed an Amended Imminent Danger Complaint (Amended Complaint; Doc. 4). In the Amended Complaint, he asserts that "new further danger has presented itself against him." Amended Complaint at 1. He alleges that Attaberry threatened him and provided empty food trays on April 4th, 5th, 9th, and 10th. Additionally, he asserts that Nurse Burgin and Sergeant Merritt threatened him when he refused Burgin's attempt to draw his blood on April 10th. He also states that Sergeant Gillespie unjustly applied chemical agents upon him on April 2nd, and threatened to gas him again if he did not comply with the rules of the Florida Department of Corrections (FDOC). He complains that medical personnel stabbed him with a needle when they drew his blood on April 12th, as Sergeant Merritt directed. Additionally, he fears that more assaults by FDOC officers will occur under the guise of cell extractions, involuntary blood draws, disciplinary reports, property restriction, and chemical gassing.

Before the Court is Chestnut's request for the Court to direct the FDOC to enjoin Sergeant Attaberry from handling his food trays and attacking his cell's water system. See Complaint at 2. The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting <u>All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. <u>Id.</u>

<u>Citizens for Police Accountability Political Comm. v. Browning</u>, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); <u>Keister v. Bell</u>, 879 F.3d 1282, 1287-88 (11th Cir. 2018). The movant must clearly establish the burden of persuasion as to the four requisites. <u>See</u> <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11th Cir. 1998). Chestnut has failed to carry his burden. Therefore, his request for injunctive relief is due to be denied.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. The Court takes judicial notice of filings previously brought by Plaintiff in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 4:11-cv-232-MP-WCS (Northern District of Florida; dismissed for failure to state a claim); (2) 4:12-cv-551-SPM-CAS (Northern District of Florida; dismissed for lack of subject matter jurisdiction and failure to state a claim); (3) 4:14-cv-403-MW-GRJ (Northern District of Florida; dismissed for abuse of the judicial process).[1]

Because Chestnut has had three or more prior qualifying dismissals and is not under imminent danger of serious physical injury,[2] the Court will dismiss this action without prejudice. Chestnut may initiate a new civil rights action by filing a new

---

[1] In Rivera, the court found that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

[2] Chestnut complains about the conditions of confinement at FSP. He asserts that the Defendants mistreat and threaten him. However, none of Chestnut's assertions support a finding that he is in imminent danger of serious physical injury. Upon review, the Court finds Chestnut's allegations insufficient to warrant the imminent danger exception to dismissal.

civil rights complaint form and paying the full $400.00 filing fee.³

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Chestnut's request for injunctive relief (Doc. 1) is **DENIED**.

2. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court shall enter judgment dismissing this case without prejudice and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of April, 2018.

MARCIA MORALES HOWARD
United States District Judge

sc 4/25
c:
Gernard Chestnut, FDOC #130146

---

³ Chestnut has initiated other civil rights cases in this Court that were dismissed pursuant to the three-strikes provision of 28 U.S.C. § 1915(g): Case Nos. 3:15-cv-1173-J-39PDB; 3:15-cv-1270-J-32JRK; 3:15-cv-1343-J-34PDB; and 3:17-cv-307-J-20PDB.